43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles L. GARAVAGLIA, Cynthia Sullivan, George W. Rogers,
and Branch International Services, Inc.,
Plaintiffs-Appellants,
v.
James A. BUDDE, Joseph Ellery, John Doe, and Mary Roe,
Defendants-Appellees.
 No. 93-2542.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1994.
 
 Before: RYAN and BATCHELDER, Circuit Judges, and EDGAR, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiffs appeal the entry of summary judgment in favor of the defendants in this civil rights action. For the reasons stated below, we affirm the judgment of the district court.
 
 
 2
 * In Spring 1992, James Budde and Joseph Ellery, Special Agents of the Criminal Investigation Division of the Internal Revenue Service (IRS), received information from a confidential source that the plaintiff company, Branch International Services, Inc. (BIS), was in violation of federal tax laws. On July 14, 1992, Budde and Ellery simultaneously executed search warrants for evidence of federal income tax evasion at two offices of BIS.
 
 
 3
 The plaintiffs filed this Bivens[1] action against the Agents Budde and Ellery,[2] alleging that in Spring 1992 the agents coerced or encouraged Leroy Yarnell, an accountant for BIS, to obtain BIS tax documents under the pretense of preparing an amendment of BIS tax returns, and that this action constituted an unreasonable search and seizure of BIS documents through the use of a ruse. The plaintiffs further complained that the agents' detention of Charles Garavaglia, Cynthia Sullivan, and George Rogers during the July 14 searches was unreasonable and therefore unconstitutional. The district court entered summary judgment in favor of the defendants on the basis of qualified immunity. This appeal followed.
 
 II
 
 4
 Plaintiffs raise as their first assignment of error that the district court erred by "prematurely grant[ing] Appellees' motion for summary judgment, before first determining whether the appellees were entitled to their defense of qualified immunity, and before first allowing Appellants a reasonable opportunity to conduct discovery to defend Appellees' motion for summary judgment and supporting affidavits." The essence of this claim is that because the district court concluded that the complaint implicated a clearly established right, the court erred in granting summary judgment before providing BIS a reasonable opportunity for discovery.
 
 
 5
 Plaintiffs misstate the district court's ruling. The district court concluded that if the IRS agents had gotten Yarnell to trick the plaintiffs into turning over their records to him without a search warrant, they would have violated a clearly established right. But the court went on to hold that the record failed to raise a genuine factual issue in that regard and that further discovery would not have yielded any evidence of any such action on the part of the agents. Under those circumstances, the district court held that Yarnell's turning over the records on his own initiative did not violate any clearly established right and that the defendants were entitled to judgment on the basis of qualified immunity.
 
 
 6
 Where there exists no clearly established right to be free from the conduct alleged, the defendant official is entitled to summary judgment prior to discovery, because qualified immunity is an immunity from suit, not simply a defense to liability. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Where a clearly established right is involved, the plaintiff may be entitled to conduct discovery before the district court resolves a motion for summary judgment on the basis of qualified immunity. Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987). Indeed, summary judgment should not ordinarily be granted before completion of discovery, especially in cases raising constitutional and civil rights claims. Tarleton v. Meharry Medical College, 717 F.2d 1523, 1535 (6th Cir.1983). Nevertheless, a party claiming inadequate discovery cannot successfully contest summary judgment unless the party demonstrates that further discovery would have disclosed disputed material facts. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir.1989); Fed.R.Civ.P. 56(f).
 
 
 7
 Before the district court, the attorney for BIS maintained that he could not oppose the agents' summary judgment motion without the depositions of Budde, Ellery, and Yarnell. However, the attorney provided the district court with no affirmative evidence whatsoever that would support his theory that the IRS agents had conspired with Yarnell. On the other hand, Agent Budde submitted a declaration insisting that the confidential source had initially contacted the IRS and turned over documents he had obtained independently of and without instructions from any IRS employee. Also, the attorney for BIS had deposed Yarnell in connection with a state suit against Yarnell based on the same facts, and in that deposition, Yarnell denied the allegations of collusion with the IRS. Agent Ellery's declaration contains no mention of the confidential source, but in light of the complete absence of affirmative evidence that Ellery conspired with Yarnell, Ellery's silence in this regard gives us no pause. Therefore, the district court did not abuse its discretion in concluding that the requested discovery would not yield any disputed fact material to the issue of the agents' contacts with Yarnell. See Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 894-96 (6th Cir.1991). Moreover, the district court did not stay discovery until six months after the filing of the case and three months after the plaintiffs had notice of the agents' defense of qualified immunity. The district court was correct in observing that the plaintiffs had an adequate opportunity for discovery prior to the stay.
 
 
 8
 We further conclude that the district court did not err in granting summary judgment on this claim on the basis of qualified immunity. Because there is no evidence of cooperation, collusion, or coercion between Yarnell and the agents, we need not reach the question of whether a clearly established right would have been violated had there been such evidence. The IRS agents did not violate any clearly established right of plaintiffs by obtaining their tax records through Yarnell without a warrant.
 
 III
 
 9
 In the complaint, Garavaglia alleged that Budde detained him for the duration of the six-hour search at the Auburn Hills office, denying him food and the ability to see his daughter, Sullivan, who had apparently suffered a heart attack on the premises. Rogers alleged that Ellery detained him for the duration of the three-hour search of the Milford office. Sullivan alleged that Budde refused to allow her to call her family doctor, communicate with her father, or be moved by the ambulance attendants to a less crowded area of the office. The district court granted the agents qualified immunity because the plaintiffs' allegations, taken as true, did not establish a violation of any clearly established right.
 
 
 10
 We agree with the district court. In Michigan v. Summers, 452 U.S. 692 (1981), the Supreme Court held that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." Id. at 705 (footnotes omitted). The Court expressly reserved judgment as to "whether the same result would be justified if the search warrant merely authorized a search for evidence." Id. at 705 n. 20. Relying on this limitation of the Summers holding, Garavaglia and Rogers argue that their detention was unreasonable because the search warrants authorized a search only for evidence of tax evasion, not contraband.
 
 
 11
 Neither the Supreme Court nor this circuit has addressed the question of whether Summers should be extended to searches for mere evidence. See United States v. Fountain, 2 F.3d 656, 660-63 (6th Cir.) (applying Summers to detention during search for narcotics), cert. denied, 114 S.Ct. 608 (1993); United States v. Cochran, 939 F.2d 337, 338-39 (6th Cir.1991) (same), cert. denied, 112 S.Ct. 1166 (1992); Hill v. McIntyre, 884 F.2d 271, 278 (6th Cir.1989) (same); see also Bills v. Aseltine, 958 F.2d 697, 704 (6th Cir.1992) (discussing Summers ). Accordingly, the law on this issue is unsettled, and there is no clearly established right to be free from detention during a search, authorized by warrant, for evidence of federal tax evasion. See Daniel v. Taylor, 808 F.2d 1401 (11th Cir.1986) (finding qualified immunity appropriate because unclear whether Summers rule applies to search warrant for business records). The district court properly granted qualified immunity on Garavaglia and Rogers's claims of unlawful detention.
 
 
 12
 Garavaglia and Sullivan have cited no authority for the proposition that there is a clearly established right to make a telephone call or contact relatives while being detained during a search pursuant to a warrant.[3] Furthermore, Sullivan affirmatively states in her affidavit that the agents called 911 and permitted Sullivan to be removed to the hospital emergency room, and she failed to allege any damage resulting from the agents' interference with appropriate medical care. Therefore, the district court correctly dismissed the remainder of the claims.
 
 IV
 
 13
 Based on the foregoing, the judgment of the district court in favor of the defendants on the basis of qualified immunity is AFFIRMED.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The action was filed under the authority of Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Bivens actions are treated in substantially the same manner as those brought under the statutory authority of 42 U.S.C. Sec. 1983
 
 
 [2]
 The complaint also named John Doe and Mary Roe as unknown defendants, but these defendants were not subsequently identified
 
 
 [3]
 At least two other circuits have suggested that no such right exists. See Rivera v. United States, 928 F.2d 592, 600, 607 (2d Cir.1991); United States v. Timpani, 665 F.2d 1, 3 (1st Cir.1981)